UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Derrik Lee Goon,                                               Case No. 3:25-cv-162

        Plaintiff,

    v.                                                             MEMORANDUM OPINION
                                                                 AND ORDER
Ottawa County, *et al.*,

        Defendants.

## I. BACKGROUND

*Pro se* Plaintiff Derrik Lee Goon has filed a non-prisoner *in forma pauperis* civil rights complaint in this case under 42 U.S.C. § 1983 against Ottawa County, Ottawa County Sheriff Stephen J. Levorchick, and Jail Administrator Mark Green. (Doc. No. 1). In his complaint, Plaintiff indicates he asserts violations of the First, Second, Third, Fourth, Fifth, and Fourteenth Amendments and Ohio law (*see id.* at 3), but his complaint does not set forth cogent specific factual allegations giving rise to such claims, or cogent specific allegations of misconduct by each Defendant. (*Id.* at 4). Instead, on the face of his complaint, Plaintiff complains in unclear and general terms that he was unlawfully arrested for violating a temporary protection order. (*See id.*). He seeks $50,000,000 in damages for relief. (*Id.* at 5). Plaintiff's motion to proceed *in forma pauperis*, (Doc. No. 2), is granted, and for the following reasons, his complaint is dismissed.

## II. DISCUSSION

*Pro se* complaints are generally liberally construed and held to more lenient standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), but the lenient

1

treatment generally accorded *pro se* pleadings "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citation omitted). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations or construct claims on their behalf. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), for determining a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) governs dismissal for failure to state a claim under § 1915(e)(2)(B). *Hill*, 630 F.3d at 471. To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* The allegations in the pleading "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations . . . are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

Upon review, I find that Plaintiff's complaint warrants dismissal for failure to state a claim. To meet federal notice pleading requirements under Federal Rule of Civil Procedure 8, a complaint must set forth allegations sufficient to give the defendant fair notice of what the plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff's complaint fails to do so. The unclear and conclusory statements set forth in his pleading fail to meet basic pleading requirements necessary to state a plausible claim in federal court against any Defendant. *See Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in

2

determining whether a complaint states a claim for relief); *Twombly*, 550 U.S. at 555 (conclusory allegations fail to state a claim under § 1983).

The Sixth Circuit has consistently held that damages claims against government officials "must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (emphasis in original) (citation omitted). Accordingly, where as here, individuals are named as defendants in the caption of a complaint without cogent specific allegations of misconduct against them in the body of the complaint, the complaint is subject to dismissal even under the liberal construction afforded *pro se* plaintiffs. *Gilmore v. Corr. Corp. of. Am.*, 92 F. App'x. 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978)). *See also Frazier v. Mich.*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing claims where the complaint did not allege "with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights"); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

In addition, Plaintiff has failed to allege a plausible claim against Ottawa County because to hold a local government liable under § 1983, a plaintiff must demonstrate that a policy or custom of the government caused a violation of his rights. *Doe v. Claiborne Cnty., Tenn. By and Through Claiborne Cnty. Bd. of Educ.*, 103 F.3d 495, 507 (6th Cir. 1996). A plaintiff must identify an unconstitutional policy or custom, connect it to the government entity, and show that he sustained injury because of the policy or custom. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *see also Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). Plaintiff's complaint does not identify or allege the existence of any custom or policy of Ottawa County, much less facts from which I could reasonably infer that Defendants acted pursuant to an Ottawa County custom or policy that violated his civil rights.

Finally, the doctrine of *res judicata* provides "that a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 653 N.E.2d 226, 229 (Ohio 1995). *Res judicata* bars a suit where there is: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) the second suit involves the same parties or their privies as the first; (3) the second suit raises claims that were or could have been litigated in the previous action; and (4) the second suit arises out of the same transaction or occurrence as the first. *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997) (citation omitted).

These requirements are met here. Plaintiff has already filed a civil action in federal court against Port Clinton officials challenging the lawfulness of his arrest for violating a temporary protection order, and his prior action was dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e). *Goon v. Leist et al.*, No. 3:24-cv-1837, 2025 WL 387937 (N.D. Ohio Feb. 3, 2025). This suit on its face concerns the same transaction or occurrence that was the subject matter of Plaintiff's prior dismissed complaint and involves the same parties or their privies as his prior complaint. *See, e.g., Clemons v. Ohio Bureau of Workers' Compensation*, No. 17–4092, 2018 WL 1845871 (6th Cir. Mar. 8, 2018) (affirming dismissal of *in forma pauperis* action under § 1915(e) based on a § 1915(e) dismissal of a prior complaint).

Finally, Plaintiff also filed a motion for the appointment of counsel. (Doc. No. 3). The Sixth Circuit has held there is no constitutional or statutory right to appointed counsel in civil cases, but that such an appointment is within a court's discretion. *Glover v. Johnson,* 75 F.3d 264, 268 (6th Cir. 1996); *see also Abdur-Rahman v. Michigan Dep't of Corr.,* 65 F.3d 489, 492 (6th Cir. 1995). Appointment of counsel in a civil action is "a privilege justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (citations omitted). Plaintiff has not established that there are

4

exceptional circumstances justifying the appointment of counsel in this case and therefore I deny his motion.

### III. CONCLUSION

For the foregoing reasons, I grant Plaintiff's motion to proceed *in forma pauperis*, (Doc. No. 2), and deny his motion for the appointment of counsel. (Doc. No. 3). Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

    s/Jeffrey J. Helmick
United States District Judge